IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:05-CR-61-BO
No. 5:16-CV-375-BO

| | |
|---|---|
| WILLIAM ALLEN HESTER, JR., | ) |
| | ) |
| Petitioner, | ) |
| | ) ORDER |
| v. | ) |
| | ) |
| UNITED STATES OF AMERICA | ) |
| | ) |
| Respondent. | ) |

This matter is before the Court on petitioner's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. The government has moved to dismiss petitioner's § 2255 motion pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Petitioner has responded to the motion to dismiss and the matter is ripe for ruling. For the reasons discussed below, the government's motion is granted.

## BACKGROUND

Petitioner was sentenced by this Court on January 18, 2006, to a total term of 180 months' imprisonment after pleading guilty to one count of being a felon in possession of a firearm and one count of possession of an unregistered machine gun. 18 U.S.C. §§ 922(g)(1) and 924; 26 U.S.C. §§ 5841, 5861(d), and 5871. [DE 20]. At sentencing, petitioner was found to have sufficient qualifying predicate convictions to trigger the increased statutory mandatory minimum sentence imposed by the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e).[1]

---

[1] "In the case of a person who violates section 922(g) of this title and has three previous convictions by any court referred to in section 922(g)(1) of this title for a violent felony or a serious drug offense, or both, committed on occasions different from one another, such person

Petitioner appealed his sentence, arguing, *inter alia*, that the evidence was insufficient to establish the requisite predicate offenses to be classified as an armed career criminal. The court of appeals disagreed and affirmed petitioner's sentence. [DE 26].

Petitioner filed the instant motion pursuant to 28 U.S.C. § 2255 on June 13, 2016, seeking vacatur of his sentence. [DE 30]. Petitioner contends that his prior North Carolina conviction for assault with a deadly weapon with intent to kill inflicting serious injury (AWDWIKISI) is no longer a valid ACCA predicate after the Supreme Court's decision in *Johnson v. United States*, 135 S.Ct. 2551 (2015).

## DISCUSSION

The government moves to dismiss petitioner's § 2255 motion for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). *See also* Rule 12, Rules Governing Section 2255 Proceedings (Rules of Civil Procedure apply to section 2255 proceedings). A Rule 12(b)(6) motion tests the legal sufficiency of the pleading, *Papasan v. Allain*, 478 U.S. 265, 283 (1986), and must be granted if the pleading fails to allege enough facts to state a claim for relief that is facially plausible. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

The ACCA provides for enhanced punishments for those offenders who have three prior convictions for violent felonies or serious drug offenses. 18 U.S.C. § 924(e)(1). A violent felony is defined by the statute as any crime punishable by more than one year imprisonment that

> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
> (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another;

shall be fined under this title and imprisoned not less than fifteen years . . . ." 18 U.S.C. § 924(e)(1).

18 U.S.C. § 924(e)(2)(B). In *Johnson*, the Supreme Court addressed the constitutionality of the residual clause of ACCA's violent felony definition, which defines a violent felony to include one which "otherwise involves that presents a serious potential risk of physical injury to another." 135 S. Ct. 2557. The Court held that the residual clause is unconstitutionally vague and that to increase a defendant's sentence under that clause denies the defendant due process of law. *Id.* at 2557. In *Welch v. United States*, the Supreme Court held that *Johnson* announced a substantive rule that applies retroactively on collateral review. 136 S. Ct. 1257 (2016).

As the residual clause has been held to be unconstitutional, only those convictions which satisfy one of the two remaining provisions of the definition of violent felony – the force clause ("has as an element the use, attempted use, or threatened use of physical force against the person of another") or the enumerated clause ("is burglary, arson, or extortion, involves use of explosives") remain proper ACCA predicates. The government contends, and the Court agrees, that North Carolina's crime of AWDWIKISI qualifies as a crime of violence under the force clause. "[I]n the context of a statutory definition of '*violent* felony,' the phrase 'physical force' means *violent* force—that is, force capable of causing physical pain or injury to another person." *Johnson v. United States*, 559 U.S. 133, 140 (2010) (emphasis in original). This definition requires "a higher degree of intent than negligent or merely accidental conduct." *Leocal v. Ashcroft*, 543 U.S. 1, 2 (2004).

To determine whether a prior conviction qualifies as a violent felony under ACCA, a court applies the categorical approach, looking only to the statutory definition of the offense and not considering the particular facts underlying the convictions. *Taylor v. United States*, 495 U.S. 575, 600 (1990); *Descamps v. United States*, 133 S. Ct. 2276, 2281 (2013). The elements of North Carolina's crime of AWDWIKISI are "(1) an assault, (2) with a deadly weapon, (3) with

3

intent to kill, (4) inflicting serious injury, (5) not resulting in death." *State v. King*, 343 N.C. 29, 35–36 (1996) (quoting *State v. Reid*, 335 N.C. 647, 654 (1994)). Use of a deadly weapon with the intent to kill plainly involves "force capable of causing physical pain or injury to another person," and therefore qualifies as a violent felony under the force clause. *See, e.g., United States v. Smith*, 638 Fed. App'x 216, 219 (4th Cir. 2016) (finding that North Carolina's crime of malicious assault in a secret manner, the elements of which include use of a deadly weapon and intent to kill, qualifies a violent felony under the ACCA after *Johnson* because it involves force capable of causing physical pain or injury to another); *see also McNatt v. United States*, No. 5:08-CR-359-FL-1, 2016 WL 7167949, at *3 (E.D.N.C. Dec. 8, 2016) (holding that North Carolina's AWDWIKISI is a proper ACCA predicate after *Johnson*).

Petitioner's argument in opposition is not persuasive. Petitioner relies on *State v. Jones*, 353 N.C. 159 (2000), the primary holding of which concerned whether the crime of assault with a deadly weapon inflicting serious injury is a proper underlying felony for a first-degree murder conviction under the felony murder rule. While in one section of the opinion the court did note that the certain dangerous felonies under North Carolina law, including assault with a deadly weapon with intent to kill, may be accomplished by "culpable criminal negligence," *id.* at 166, the court went on to state that assault with a deadly weapon with intent to kill or with intent to inflict serious injury, "whether individually typed as specific intent or general intent in nature, [has] required actual intent on the part of the perpetrator." *Id.* at 168. This comports with earlier cases which unequivocally held that AWDWIKISI requires proof of specific intent. *See State v. Irick*, 291 N.C. 480, 502 (1977) (AWDWIKISI is specific intent crime); *State v. Parks*, 290 N.C. 748, 754 (1976) (specific intent to kill a necessary element of crime of AWDWIKISI). Thus, while the state may indeed define its crimes as it sees fit, *United States v. Gardner*, 823 F.3d

4

Case 5:05-cr-00061-BO   Document 37   Filed 01/06/17   Page 4 of 5

793, 804 (4th Cir. 2016) (citation omitted), the Court is unpersuaded by petitioner's argument that the North Carolina Supreme Court has in *Jones* defined AWDWIKISI as a crime which may be accomplished by culpable criminal negligence. *See also Goins v. United States*, No. 7:10-CR-107-FL-1, 2016 WL 7168055, at *4 (E.D.N.C. Dec. 8, 2016) (holding same).

For these reasons, petitioner cannot state a claim upon which relief may be granted and his § 2255 petition is properly dismissed.

### Certificate of Appealability

A certificate of appealability shall not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2000). A petitioner satisfies this standard by demonstrating that reasonable jurists would find that an assessment of the constitutional claims is debatable and that any dispositive procedural ruling dismissing such claims is likewise debatable. *Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683-84 (4th Cir. 2001). The issue of whether North Carolina's AWDWIKISI is a proper ACCA predicate after *Johnson* is adequate to deserve encouragement to proceed further and a certificate of appealability is therefore GRANTED.

### CONCLUSION

Accordingly, as discussed above, the government's motion to dismiss [DE 34] is GRANTED and petitioner's § 2255 motion [DE 30] is DISMISSED. A certificate of appealability is GRANTED.

SO ORDERED, this 30 day of December 2016.

_Terrence Boyle_
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE